UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

William Soukup

    v.                                       Civil No. 09-cv-146-JL

Robert Garvin *et al*.              Opinion No. 2009 DNH 120

**O R D E R**

This case involves the pleading requirements for § 1983 actions against municipalities. Plaintiff William Soukup was arrested and charged with disorderly conduct and with violating bail conditions after an encounter with his neighbor, Robert Brooks. Soukup sued the arresting officer and his employer, the Town of Lisbon, alleging violations of his civil rights under the Fourth and Fourteenth Amendments, see 42 U.S.C. § 1983, as well as state common law false imprisonment. The Town of Lisbon moves for judgment on the pleadings on the constitutional claim, arguing that Soukup's complaint fails to allege sufficient facts to make out a cause of action. See Fed. R. Civ. P. 12(c). The arresting officer, Robert Garvin, moves for summary judgment on the basis of qualified immunity. See Fed. R. Civ. P. 56(b).

This court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). After oral argument, the Town of Lisbon's motion for judgment on

the pleadings is granted, and Robert Garvin's motion for summary judgment is denied.  Although Soukup's complaint alleges a constitutionally violative policy or custom as required to prove municipal liability under § 1983, it does so with insufficient factual specificity to satisfy Rule 8 as interpreted by the Supreme Court and First Circuit Court of Appeals.  Genuine issues of material fact exist, however, precluding summary judgment on Officer Garvin's qualified immunity defense.

**I. Applicable legal standards**

To survive a Rule 12(c) motion for judgment on the pleadings, Soukup's complaint must "contain factual allegations that raise a right to relief above the speculative level." <u>Gray v. Evercore Restructuring L.L.C.</u>, 544 F.3d 320, 324 (1st Cir. 2008) (internal quotation marks omitted).  Such allegations must "state facts sufficient to establish a claim to relief that is plausible on its face."  <u>Id.</u> (internal quotation marks omitted); <u>see</u> Fed. R. Civ. P. 8(a)(2); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").  In making this determination, the court must view the facts contained in the pleadings in the light most favorable to the non-moving party,

and draw all reasonable inferences in that party's favor. <u>Curran v. Cousins</u>, 509 F.3d 36, 43-44 (1st Cir. 2007).

Summary judgment is appropriate where the pleadings, along with any affidavits on file, show that there is "no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In making this determination, the court must "scrutinize the record in the light most flattering to the party opposing the motion, indulging all reasonable inferences in that party's favor." <u>Mulvihill v. Top-Flite Golf Co.</u>, 335 F.3d 15, 19 (1st Cir. 2003).  This indulgence, however, does not relieve the non-moving party of the burden of producing "specific facts sufficient to deflect the swing of the summary judgment scythe." <u>Id.</u>

## II.  Background

In 2006, Soukup and Brooks were involved in an altercation in Soukup's Lisbon, New Hampshire yard that resulted in Soukup's arrest.  Soukup was later released subject to bail conditions forbidding him to come within 50 feet of Brooks.  The following week, Soukup and his wife were crossing the public roadway in front of their home when they saw Brooks' vehicle approaching.  Soukup alleges that when Brooks saw them, he "dramatically increased the speed of his vehicle."  Soukup then yelled at

Brooks to slow down.  The next day, Soukup filed a complaint about the incident with the Lisbon police department.

But Brooks had already made a complaint of his own, on the date of the incident itself, alleging that Soukup had dangerously charged into the roadway, almost causing an accident.  Officer Robert Garvin interviewed Brooks, Soukup, and Soukup's wife.  Garvin then obtained an arrest warrant for Soukup on a charge of contempt of court for violating his bail conditions by intentionally coming within 50 feet of Brooks.  Garvin called Soukup, informed him of the warrant, and asked him to come down to the police station for processing.  Soukup did so, posted bail, and was released several hours later.

## II.  Analysis

### A.   Motion for judgment on the pleadings

Soukup's complaint asserts a claim against the Town of Lisbon under 42 U.S.C. § 1983, alleging that its police department "developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Town of Lisbon" and that it was the department's "policy and/or custom . . . to fail to exercise reasonable care in supervising and training its police officers." In moving to dismiss these claims, the Town argues that they

4

amount merely to "conclusory allegations" unsupported by facts. Given the lack of any supporting factual allegations in Soukup's complaint, the court agrees.

In Monell v. Department of Social Services, the Supreme Court held that a municipality may not be held liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. 658, 691 (1978). A municipality may not be held liable under § 1983 on a theory of *respondeat superior*. Id. Rather, a plaintiff must identify a particular "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," and show that the policy in question directly led to the plaintiff's injury. Id. at 694; see Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994). Soukup's complaint evidences an awareness of this rule; he alleges such a policy or custom. The question is whether his allegations are made with sufficient factual specificity.

Rule 8 requires a claim for relief to contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Conley v. Gibson, 355 U.S. 41, 47 (1957) ("all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

5

rests."). In 2007, however, the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u> that an accusation of parallel conduct under § 1 of the Sherman Act required "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement . . . an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." 550 U.S. 544, 556 (2007). More recently, the Court held in <u>Ashcroft v. Iqbal</u> that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 129 S.Ct. 1937, 1949 (2009).

Despite <u>Twombly</u> and <u>Iqbal</u>, Soukup argues that the <u>Conley</u> "notice pleading" standard is still good law. He points to <u>Erickson v. Pardus</u>, decided two weeks after <u>Twombly</u>, which reversed a lower court's dismissal of a *pro se* prisoner's § 1983 deliberate indifference claim against prison medical officials who removed him from his hepatitis C treatment after suspecting illegal drug use. 551 U.S. 89, 90-92 (2007). Soukup points to language in <u>Erickson</u> which, quoting <u>Twombly</u>, arguably implies that <u>Conley</u>'s "notice pleading" standard is still good law. <u>See Erickson</u>, 551 U.S. at 93 ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted).

The debate over the extent to which Twombly and Iqbal have heightened the pleading standard under Rule 8 continues, and will undoubtedly fill law review articles, but is ultimately irrelevant to the disposition of this motion.  Soukup cites Conley's maxim that a complaint requires notice only of "what the plaintiff's claim is and the grounds upon which it rests," 355 U.S. at 47, but elides the second requirement, arguing that "pleadings are intended to give notice to the defendant of the *claims*--not of the *facts* supporting them."

This is incorrect.  In fact, even before Twombly and Iqbal, the court of appeals had repeatedly held that a complaint needs more than "bald assertions . . . [or] unsubstantiated conclusions," Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990), *overruled on other grounds by* Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61 (1st Cir. 2004); nor may a plaintiff "rest on subjective characterizations or conclusory descriptions of a general scenario." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); see also Redondo-Borges v. U.S. Dept. of Hous. and Urban Dev., 421 F.3d 1, 9 (1st Cir. 2005) ("The fact that notice pleading governs . . . does not save the plaintiffs' conclusory allegation."); Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (requiring pleadings to "set forth factual

7

allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory") (emphasis added) (internal quotation marks omitted).  Soukup's complaint offers nothing more than these.

While Soukup attempts to argue otherwise, he is belied by his complaint which, as to the constitutional claims against the Town of Lisbon, contains not a single assertion of fact.  Rather, Soukup's accusations are couched completely as legal conclusions, with the defendant's name merely plugged into the elements of a municipal liability claim.  Even if <u>Twombly</u> or <u>Iqbal</u> had never been decided, Soukup's complaint would fall short of the pleading requirements under prior First Circuit authority; as it is, it certainly fails to avoid <u>Twombly</u>'s warning that "formulaic recitation of a cause of action's elements will not do."  550 U.S. at 555.  His complaint therefore fails to state a claim that the Town of Lisbon violated his federal constitutional rights.

B.   **Motion for summary judgment**

Although Officer Garvin's motion for summary judgment asserts a colorable, and arguably meritorious, qualified immunity defense, <u>see, e.g.</u>, <u>Pearson v. Callahan</u>, 129 S.Ct. 808, 815-21

(2009), Soukup's objection establishes genuine issues of material fact that preclude the entry of summary judgment.

In general, Soukup simply disputes Officer Garvin's sworn accounts of his conduct during the incident itself, and during Garvin's investigation. Specifically, he alleges that both of Garvin's affidavits--his summary judgment affidavit and the affidavit in support of the arrest warrant--contain material falsehoods.

For example, in the supporting affidavit accompanying his arrest warrant application, Officer Garvin averred that Soukup admitted being "right near" Brooks' car when Brooks drove by.[1] Soukup's summary judgment affidavit contains a sworn denial of any such statement to Officer Garvin. The parties also dispute whether Officer Garvin possessed information, not contained in the arrest warrant affidavit, that undermined Brooks' credibility as a complainant.

These factual disputes create genuine issues of material fact as to both Soukup's Fourth Amendment claim and Officer Garvin's qualified immunity defense. Discovery may eliminate these disputes, allowing for summary judgment later in the

---

[1] Officer Garvin's summary judgment affidavit attributes a similar, though not identical admission to Soukup.

litigation.  At this point, however, the Fourth Amendment claim must proceed in the normal course.

### III. Conclusion

For the foregoing reasons, the Town of Lisbon's motion for judgment on the pleadings[2] is GRANTED, and Officer Garvin's motion for summary judgment[3] is DENIED.

**SO ORDERED.**

*/s/ Joe Laplante*

_____
Joseph N. Laplante
United States District Judge

August 11, 2009

cc:  Frank P. Spinella, Jr., Esq.
     Andrew B. Livernois, Esq.

---

[2] Document #6

[3] Document #9

10